United States District Court
Southern District of Texas
ENTERED

JUL 2 1 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

JUL 2 0 1998

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO MORENO, JR. | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. B-97-232 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Before the Court is the Petitioner Gilbert Moreno, Jr.'s Motion under 28 U.S.C §2254 to Vacate, Set Aside, or Correct Sentence and the Respondent's motion to dismiss as time barred pursuant to 28 U.S.C. §2244(d). The Petitioner alleges in his complaint various trial errors and due process violations.

The Petitioner was charged with and convicted for capital murder. The Petitioner appealed, and on February 21, 1991 his conviction was affirmed by the Court of Appeals for the Thirteenth Judicial District of Texas. A petition for discretionary review was refused on September 11, 1991 by the Court of Criminal Appeals. Petitioner filed this petition on September 24, 1997.

Title 28 U.S.C. §2254 allows a United States district court to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaty of the United States. The applicant must first exhaust all remedies available in the courts of the state. *See* 28 U.S.C. §2254 (West 1998).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996(AEDPA) which substantially amended federal habeas corpus jurisprudence. In *Lindh v. Murphy*, the U.S. Supreme Court held that "applying the amended §2254 to cases already pending would not have a retroactive effect because it would not attach 'new legal consequences' to events preceding the enactment,". *Lindh v. Murphy*, 117 S. Ct. 2059, 2061 (1997). The Petitioner began the appeal process in February of 1991 and eventually filed his federal petition for writ of habeas corpus on September 24, 1997.

Section 2244(d)(1)(A) provides that the one-year limitation period shall run from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. §2244 (d)(1)(A)(West 1998). In this case, the petition for discretionary review was refused by the Court of Criminal Appeals on September 11, 1991. Because of Supreme Court Rule 13(1), the Petitioner's conviction became final ninety days after the Texas Court of Criminal Appeals' September 11, 1991 decision. *See* Sup. Ct. R. 13(1). Therefore, the one-year limitation period for filing a federal petition ended on December 11, 1992. However, the Fifth Circuit held, under AEDPA, a petitioner has a reasonable amount of time after the April 24, 1996 AEDPA enactment date to start the habeas process. The Fifth Circuit defined a "reasonable amount of time" as one-year beyond April 24, 1996. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). The Petitioner filed this federal petition for a writ of habeas corpus on September 24, 1997; therefore, the federal petition is time-barred. Moreover, the Petitioner failed to exhaust state remedies.

ClibPDF - www.fastio.com

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the Petitioner's Motion under 28 U.S.C. §2254 to Vacate, Set Aside, or Correct Sentence should be and is hereby DENIED and the Respondent's motion to dismiss as time barred pursuant to 28 U.S.C. §2244(d), should be and is hereby GRANTED.

Done this 20th day of July, 1998, in Brownsville, Texas.

Filemon B. Vela
United States District Judge